# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2853

_____

| | |
|---|---|
| Qin Yuan, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an Order of the |
| | * Board of Immigration Appeals. |
| Michael B. Mukasey, Attorney | * |
| General of the United States, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted: December 12, 2008
Filed: January 9, 2009

_____

Before MURPHY, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Chinese citizen Qin Yuan petitions for review of an order of the Board of Immigration Appeals affirming an Immigration Judge's (IJ's) denial of asylum and withholding of removal. We lack jurisdiction to review determinations regarding the untimeliness of Yuan's asylum application, the absence of changed circumstances materially affecting her eligibility for asylum, or the lack of extraordinary circumstances justifying the untimeliness of her filing. See 8 U.S.C. § 1158(a)(3); Bejet-Viali Al-Jojo v. Gonzales, 424 F.3d 823, 826-27 (8th Cir. 2005).

For withholding of removal, Yuan had to show a clear probability that if she were removed to China her life or freedom would be threatened based on her practice of Falun Gong. See Alanwoko v. Mukasey, 538 F.3d 908, 911 (8th Cir. 2008); see also Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review). The IJ found Yuan's testimony not credible, citing her discomfort in answering questions and her lack of knowledge about Falun Gong. Despite Yuan's proffered explanation of nervousness and possible translation difficulties, we conclude that we should defer to the IJ's finding. See Osonowo v. Mukasey, 521 F.3d 922, 927 (8th Cir. 2008) (to overturn adverse credibility finding, court must conclude both that persuasive case has been made for opposite position, and that any reasonable fact finder would be persuaded by it); Lin v. Gonzales, 446 F.3d 395, 400-01 (2d Cir. 2006) (demeanor is virtually always evaluated intuitively and subjectively; noting that fact finder is in best position to discern, inter alia, whether question was understood, and whether hesitating witness was attempting truthfully to recount what he recalled or struggling to remember lines of carefully prepared script).

Accordingly, because the IJ's denial of withholding of removal was based on his adverse credibility determination, which we accept, we deny Yuan's petition for review.

_____